ERIC D. CHAN (State Bar No. 253082)
AVI W. RUTSCHMAN (State Bar No. 298922)
**ATHENE LAW, LLP**
10866 Washington Blvd., #142
Culver City, CA 90232-3610
Telephone: (310) 913-4013
E-mail: eric@athenelaw.com
E-mail: avi@athenelaw.com

Attorneys for Plaintiff ECURE CA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECURE CA, LLC, <br><br> Plaintiff, <br><br> vs, <br><br> REGAL MEDICAL GROUP, INC., a California corporation; LAKESIDE MEDICAL ORGANIZATION, A MEDICAL GROUP, INC.; and DOES 1-10, inclusive; <br><br> Defendants. | Case No.: 22-cv-08948 <br><br> Complaint Filed:  May 27, 2022 <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND** <br><br> Date:    Monday, January 30, 2022 <br> Time:    9:00 a.m. <br> Ctrm:    850, 8th Floor |

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Defendants Regal Medical Group, Inc. and Lakeside Medical Organization (collectively, "Defendants") make three key concessions in their opposition.  First, they admit they received the September 9, 2022, spreadsheet ("Spreadsheet") provided by Plaintiff ECURE CA, LLC ("Plaintiff").  Second, the Spreadsheet, *on its face*, included at least two claims concerning a Medicare Advantage Plan known as CareMore.  And third, Defendants admit they investigated the contents of the Spreadsheet after receiving it.

Defendants therefore admit that they received an "other document" from which they could ascertain that the case had become removable.  As a result, Defendants' window to remove this case expired no later than October 9, 2022, over sixty days before the untimely removal of this case.  It is Defendants, not Plaintiff, who acted in bad faith by waiting too long removing this lawsuit to federal court – requiring this court rule both on this motion to remand and Defendants' unnecessary motion to dismiss.

In their Opposition papers, Defendants reveal a previously undisclosed investigation into the Spreadsheet by their Vice President of Legal Affairs. They claim that this investigation conveniently forecloses the possibility that the Spreadsheet could give rise to federal jurisdiction.  There are two problems with this novel position.  First, it applies the wrong standard.  The Ninth Circuit applies a bright line rule, so Defendants' subjective knowledge is irrelevant.  Once a defendant is on notice of removability, the third-day period begins to run.  Yet despite conceding that a "defendant's subjective knowledge of the relevant facts does not affect the time for removal" (Dkt. 16, Opposition to Motion to Remand ("Opp.") at 5:28–6:1), Defendants argue precisely that their subjective knowledge somehow entitles them to more time to remove.

/ / /

DECLARATION OF CHAN ISO REPLY TO OPPOSITION TO MOTION TO REMAND

Next, even if Defendants conducted some pre-removal investigation, their findings simply did not defeat the removability of this action.  Claims for Medicare benefits are "inextricably intertwined" with Medicare statutes and regulations even when the medical services in question were rendered by a contracted health care provider pursuant to a written contract.  See Prime Healthcare Servs. v. Humana Ins. Co., 298 F. Supp. 3d 1316, 1321 (C.D. Cal. 2018) (Phillips, J.).  What ultimately matters is whether Medicare Advantage benefits are at issue.  Where they are, then even a cause of action for breach of written contract must be broadly construed as a claim for Medicare benefits that implicates federal preemption.  Defendants can only argue otherwise based on out-of-circuit and unpublished authority.

Defendants' deliberate ignorance of the law aside, Defendants insist that their "investigation" of the Spreadsheet uncovered just enough facts to defeat removability, while also failing to reveal that every single claim on the Spreadsheet was for Medicare Advantage benefits.  After all, that is the premise of Defendants' 12(b)(1) motion to dismiss.[1]  Under the bright-line, objective standard adopted by the Ninth Circuit, this Court cannot engage in such "collateral litigation" over the circumstances of removal.  The Motion to Remand should be granted, and Plaintiff awarded its reasonable costs and attorney fees.

## II.   DEFENDANTS ADMIT THAT THERE WERE MEDICARE ADVANTAGE CLAIMS ON THE FACE OF THE SPREADSHEET THEY RECEIVED ON SEPTEMBER 9, 2022

Defendants openly concede that they received the Spreadsheet on September 9, 2022.  (See Dkt. 16-4, Declaration of Mary Coash, ¶ 3.)  They also do not deny that at least two claims involving Medicare Advantage plans appeared on the face of the Spreadsheet.  This action should be remanded to state court based on these

---

[1] As explained in Plaintiff's opposition to the Motion to Dismiss, at least a handful of claims appear to be commercial HMO claims that do not implicate Medicare Advantage.  Moreover, Plaintiff has not yet been given an opportunity to conduct discovery.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

concessions alone.  (See Opp. at 3:22–28.)  Pursuant to 42 U.S.C. § 1446(b)(3), the 30-day deadline to remove is triggered once the defendant receives a copy of a "paper from which it *may first be ascertained* that the case is one which is or has become removable."  (Emphasis added.)  "[T]he sole question is whether 'it can be ascertained from the face of the [relevant] document that removal is proper,'" and the "[d]efendant's 'subjective knowledge' is irrelevant to this inquiry."  Thompson v. Target Corporation, EDCV 16-00839 JGB (MRWx), 2016 WL 4119937, at *5, fn. 1 (C.D. Cal. Aug. 2, 2016) (quoting Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005)).

It is axiomatic that the subjective knowledge of a defendant is not relevant when determining the removability of a matter, and that, instead, removability is determined by information readily attainable from the face of the pleadings or other papers.  Harris, 425 F.3d at 694.  The rule constitutes a "bright-line approach," and "[o]nce [a] defendant is on notice of removability, the thirty-day period begins to run."  Id. at 697.  A "[d]efendant has neither the incentive nor the ability to tinker with either actual notice or the time frame."  Id.

As soon as Defendants received the Spreadsheet, the 30-day clock began to run.  Defendants concede they did not remove this case until a full 90 days thereafter.  Under Ninth Circuit law, their subjective knowledge simply did not toll this deadline.

**III.  IT IS IRRELEVANT WHETHER THE MEDICARE ADVANTAGE CLAIMS ON THE FACE OF THE SPREADSHEET INVOLVED CONTRACTED PHYSICIANS**

Defendants contend that their obligation to remove was not triggered on September 9 because the Medicare Advantage claims on the face of the Spreadsheet involved a physician whom they knew to be contracted.  Yet the Ninth Circuit has long held that a claim "may arise under the Medicare Act even though it also arises under some other law."  Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1142 (9th

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

Cir. 2010) (cleaned up).  Applying <u>Uhm</u>, courts in this district have consistently found that claims for breach of contract are "inextricably intertwined" with claims for Medicare benefits. <u>Prime Healthcare Servs. v. Humana Ins. Co.</u>, 298 F.Supp.3d 1316, 1321 (C.D. Cal. 2018); <u>Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan</u>, 210 F.Supp.3d 1225, 1232 (C.D. Cal. 2016); <u>Prime Healthcare Servs., Inc. v. Humana Ins. Co.</u>, No. CV1601097BROJEMX, 2016 WL 6591768, at *7 (C.D. Cal. Nov. 4, 2016).

The <u>Humana</u> decision by former Chief Judge Phillips is directly on point. There, a healthcare provider sued on a number of written contracts to provide care to Medicare Advantage beneficiaries of Humana at agreed-upon rates.  298 F.Supp.3d at 1319.  Humana moved to dismiss on the basis that the state law claims for breach of written contract were preempted by the Medicare statute. <u>Id</u>. at 1321. In granting dismissal, Judge Phillips held that the "weight of controlling authority" compelled the conclusion that even contracted claims were "inextricably intertwined" with claims for Medicare benefits "and, as such, arise[] under Medicare." <u>Id</u>.  The Ninth Circuit recognizes that "Medicare reimbursement to providers should [] be considered, broadly speaking, a 'claim for benefits.'" <u>Id</u>. at 1321 n.3 (citing <u>Kaiser v. Blue Cross of California</u>, 347 F.3d 1107, 1110 (2003)).  In addition, the written contracts at issue required plaintiffs to "comply with all Medicare and other federal health care program laws, regulations and program instructions that apply to the service furnished to the Members including the Medicare Advantage Provisions Attachment to this Agreement." <u>Id</u>. at 1322.

Defendants ignore these authorities in favor of unpublished district court opinions and out-of-circuit rulings.  For instance, <u>Liberty Dialysis-Hawaii LLC v. Kaiser Foundation Health Plan, Inc.</u>, upon which Defendants hang their hat, relies almost exclusively upon a Fifth Circuit opinion that Ninth Circuit courts have chosen not to follow.  See <u>Rencare, Ltd v. Humana Health Plan of Texas, Inc.</u> 395 F.3d 555 (5th Cir. 2004).  The Ninth Circuit recently declined to adopt the Fifth

4
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

Circuit's holding in <u>Rencare</u>.  <u>Global Rescue Jets, LLC v. Kaiser Foundation Health Plan, Inc.</u>, 30 F.4th 905, 917 & n. 5 (9th Cir. 2022).  Courts in this district have likewise rejected <u>Rencare</u> and its progeny as "outdated, inapplicable [and] non-binding," "based on a former Medicare statutory framework," and flatly inconsistent with modern Ninth Circuit law.  <u>Humana</u>, <u>supra</u>, 298 F.Supp.3d at 1321 & n.3.

In short, Defendants' attempt to "explain away" the September 9, 2022, trigger date is based on discredited and out-of-circuit authority.  Their removal of this action was therefore untimely.

## IV.   <u>DEFENDANTS IMPERMISSIBLY SEEK TO ENGAGE IN COLLATERAL LITIGATION OVER REMOVAL</u>

In deciding issues of remand, the Ninth Circuit employs an objective test based on the face of a document in order to "bring[ ] certainty and predictability to the process and avoid[ ] gamesmanship . . . ."  <u>Harris</u>, 425 F.3d at 697.  This is because "an objective baseline rule avoids the specter of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  <u>Id.</u>  Defendants seek to upend this well-established standard.

Defendants argue that their subjective knowledge regarding a limited part of the Spreadsheet prevented the 30-day deadline to remove from being triggered.  As already explained, the results of their investigation make no difference under the law of the Ninth Circuit and established decisions in this District.  In short, Defendants argue that because they elected to investigate only part of the Spreadsheet, they formed the unsupported opinion that the claims labelled as being associated with a Medicare Advantage plan did not actually arise under the Medicare Act.  (Opp. at 6:16–24.)

This argument only begs additional questions.  To what extent did Defendants investigate the contents of the Spreadsheet?  Did they discover that the claims related to Dr. Pougatsch—which, though initially mislabeled, did not change in

5

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

subsequent spreadsheets—also concerned claims covered by a Medicare Advantage plan?  If they did not, once Defendants started investigating some of the claims, were they obligated to investigate all the claims?

This is the "collateral litigation" that the bright-line test seeks to avoid, and the reason why district court's routinely hold that "a defendant's subjective knowledge is not relevant."  Cisneros Pantoja v. RAMCO Enterprises, L.P., Case No. 19-CV-03336-LHK, 2019 WL 5959630, at *5 (N.D. Cal. Nov. 13, 2019) (citing Harris, 425 F.3d at 694).  Cisneros Pantoja is instructive.  In that case, the district court examined whether a settlement offer from the plaintiff could satisfy the damages element of CAFA jurisdiction.  Id.  The defendant argued it could not because the settlement—which sought $11 million—was deemed to be "boldly optimistic" and "unreasonable" based on the defendant's subjective knowledge.  Id.  Citing to Harris, the district court rejected this argument and instead looked to the face of the settlement document to determine whether the defendant could have ascertained that the amount in controversy exceeded the jurisdictional minimum.  Id.

The same is true here.  Review of the four corners of the Spreadsheet reveal at least two claims concerning Medicare Advantage claims, making this matter removable beginning on September 9, 2022.  By waiting until December 9, 2022, to remove this action, Defendants exceeded the 30-day deadline imposed by 28 U.S.C. § 1446(b)(3), and immediate remand is warranted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND

## V.   CONCLUSION

For the above stated reasons, the Court should remand this matter to state court and award Plaintiff $3,530.00 in costs and reasonable attorney fees. (Declaration of Eric Chan in support of Reply re Motion to Remand, ¶ 3.)

Dated:  January 13, 2023              ATHENE LAW, LLP

                                      By:  _____/s/ Eric D. Chan_____
                                              ERIC D. CHAN
                                      Attorneys for Plaintiff ECURE CA, LLC

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO REMAND