UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08948-RGK-JC | Date | February 21, 2023 |
|---|---|---|---|
| Title | *Ecure CA, LLC v. Regal Medical Group, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Remand [DE 12]

## I. INTRODUCTION

On May 27, 2022, Ecure CA, LLC ("Plaintiff") filed a Complaint in Los Angeles County Superior Court against Regal Medical Group, Inc. and Lakeside Medical Organization, a Medical Group, Inc. (collectively, "Defendants"), alleging state law claims for (1) quantum meruit, (2) breach of implied-in-law contract for emergency services, (3) breach of implied-in-law contract for post-stabilization services, (4) breach of implied-in-fact contract for authorized/post-stabilization services, (5) violation of California Business & Professions Code § 17200 et seq., and (6) declaratory relief. On December 9, 2022, Defendant removed the action to federal court on the grounds of federal question jurisdiction and the federal officer removal statute.

On December 30, 2022, Plaintiff filed the instant Motion for Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Remand, **REMANDS** this matter to the Los Angeles County Superior Court, and **DENIES** Plaintiff's request for attorneys' fees.

## II. FACTUAL BACKGROUND

Plaintiff is a collection agency that purchased accounts receivables from physicians who rendered healthcare services to members of Defendants' healthcare service plan. Defendants are a healthcare service plan provider.

On June 20, 2022, Plaintiff filed the Complaint against Defendants, alleging that Defendants underpaid out-of-network physicians for claims related to medical services provided to Defendants' members. According to Plaintiff, the underpayments on the claims totaled at least $602,467.64. (Notice of Removal, Ex. 2 ("Compl.") ¶ 16, ECF No. 1-3.) The Complaint does not identify the specific claims. Instead, the Complaint states that "[Plaintiff] will provide a full list of underpaid claims to Defendants upon request." (Compl. ¶ 17, ECF No. 1-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08948-RGK-JC | Date | February 21, 2023 |
|---|---|---|---|
| Title | *Ecure CA, LLC v. Regal Medical Group, Inc. et al.* | | |

On September 9, 2022, Plaintiff emailed Defendants, attaching "the claims spreadsheet at issue in this matter" (the "September Spreadsheet"). (Pl.'s Mot. Remand, Chan Decl., Ex. A., ECF No. 12.) For each claimed underpayment, the September Spreadsheet included the following pertinent, information: (1) the physician who performed the services; and (2) the patient's health plan. (Def.'s Opp. Mot. Remand, Torres Decl., Ex. A, ECF No. 16-2.) The September Spreadsheet included three physicians and listed 182 claimed underpayments. (Def.'s Opp. Mot. Remand, Torres Decl., Ex. A, ECF No. 16-2.) Of the three physicians listed, two were in-network, and the third was out-of-network. (Def.'s Opp. Mot. Remand 3–4, ECF No. 16; Def.'s Opp. Mot. Remand, Coash Decl. ¶¶ 3–4, ECF No. 16-10.) Of the claimed underpayments, two claims indicated that the patient's health plan was "Medicare Advantage," while the rest were identified as "HMO/PPO Commercial." (Def.'s Opp. Mot. Remand, Torres Decl., Ex. A, ECF No. 16-2.) The two "Medicare Advantage claims" were associated with one of the in-network physicians. (Def.'s Opp. Mot. Remand 3–4, ECF No. 16.) Plaintiff states that some of the claims relating to the out-of-network physician were also Medicare claims but were mislabeled as HMO/PPO claims. (Pl.'s Reply Def.'s Opp. Mot. Remand 5–6, ECF No. 19.) The September Spreadsheet indicated that the total of the "Balance Due" column was $602,467.64, the same amount set forth in the Complaint. (Def.'s Opp. Mot. Remand, Torres Decl., Ex. A, ECF No. 16-2.)

Over the following three months, Plaintiff produced several updated spreadsheets, most of which listed additional claims. The first few updated spreadsheets, however, excluded the health plans associated with the claims. The spreadsheet produced on November 18, 2022, was the first spreadsheet that explicitly included Medicare claims associated with services provided by an out-of-network physician.

### III. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1331, district courts shall have original jurisdiction over any civil action which arises under federal law. The defendant removing the case to federal court bears the burden of establishing the existence of federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

A defendant may remove a case within 30 days after the receipt of an initial pleading that sets forth the claim for relief. 28 U.S.C. § 1446(b)(1). If the initial pleading does not establish the removability of the case, a defendant may remove within 30 days of when it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b)(3). The thirty-day clock starts once the action is "rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Untimeliness is a procedural defect and is thus waivable by the parties; however, the time limit is nevertheless "mandatory[,] and a timely objection to [a] late petition will defeat removal." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029–30 (9th Cir. 2017) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08948-RGK-JC | Date | February 21, 2023 |
|---|---|---|---|
| Title | *Ecure CA, LLC v. Regal Medical Group, Inc. et al.* | | |

### IV.     DISCUSSION

Plaintiff seeks remand of this action on the ground that Defendants failed to remove the case within the statutorily-mandated thirty-day window. Upon review of the parties' arguments and the relevant law, the Court finds that remand is proper.

#### A.     **Defendants' Removal Was Untimely**

28 U.S.C. § 1446(b) sets out two pathways to remove a case to federal court. The first pathway applies when a basis for removal is clear from the complaint or other initial pleading. 28 U.S.C. § 1446(b)(1). Under this first pathway, the thirty-day clock begins to run from the date the defendant receives the pleading. *Id*. But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it *may first be ascertained* that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis added). In providing context to this second pathway, the Ninth Circuit has recently indicated that "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). The focus of the removal analysis under § 1446(b)(3) is on what the four corners of the "other paper" at issue clearly and unequivocally revealed, not a defendant's subjective knowledge or what it could have possibly uncovered through its own investigation. *Harris*, 425 F.3d at 694; *Dietrich*, 14 F.4th at 1095.

Here, Defendants' removal was untimely. Plaintiff's May 27, 2022 Complaint sets forth a claim against out-of-network physicians only. However, in the Complaint, Plaintiff states that "[Plaintiff] will provide a full list of underpaid claims to Defendants upon request." (Compl. ¶ 17, ECF No. 1-3.) On September 9, 2022, Plaintiff produced the September Spreadsheet, which was unequivocally clear and certain that Plaintiff's claims against Defendants included claims associated with in-network physicians as well as Medicare claims. First, in the email accompanying the September Spreadsheet, Plaintiff explicitly stated that the September Spreadsheet represents the claims "at issue in this matter." (Pl.'s Mot. Remand, Chan Decl., Ex. A., ECF No. 12.) Additionally, the total amount of alleged underpayments in the September Spreadsheet was $602,467.64 (Def.'s Opp. Mot. Remand, Torres Decl., Ex. A, ECF No. 16-2), which matches exactly to the amount alleged in the Complaint. (Compl. ¶ 16, ECF No. 1-3.) Therefore, the thirty-day clock for removal began once Defendants received the September Spreadsheet on September 9, 2022, and ended well before December 9, 2022, when Defendants removed the action.

Defendants argue that the two reimbursement claims labeled as "Medicare Advantage" were related to an in-network physician and therefore, did not arise under the Medicare Act because in-network physicians are subject to private arbitration. This argument is unavailing. Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08948-RGK-JC | Date | February 21, 2023 |
|---|---|---|---|
| Title | *Ecure CA, LLC v. Regal Medical Group, Inc. et al.* | | |

subjective knowledge regarding whether claims related to in-network physicians can be litigated in court goes beyond the "four corners" of the September Spreadsheet and is therefore irrelevant to removal analysis under § 1446(b)(3). *See Harris*, 425 F.3d at 694; *Dietrich*, 14 F.4th at 1095.

Defendants also argue that the September Spreadsheet did not provide unequivocally clear and certain notice of the action's removability. As support, Defendants point to (1) the multiple iterations of spreadsheets that Plaintiff sent to Defendants, (2) the exclusion of health plan information in several of the subsequent versions, and (3) Plaintiff's eventual withdrawal of the claims associated with the in-network physicians. This argument is also unavailing. As previously stated, the September Spreadsheet was unequivocally clear and certain that Plaintiff's allegations included in-network physicians and claims for Medicare benefits. It is irrelevant for purposes of the removal statute that subsequent iterations of the spreadsheet may have added to, or modified, the original list of claims. There is no question that as of September 9, 2022, it was clear and unequivocal that there were Medicare claims underlying Plaintiff's cause of action.

Therefore, the Court finds Defendants' arguments unpersuasive and concludes that the September Spreadsheet constituted an "other paper" that started the thirty-day removal clock. Accordingly, Defendants had 30 days from September 9, 2022, to remove this case. Because Defendants removed this case on December 9, 2022, removal was untimely. Therefore, the Court remands this case to the state court.

### B.  Plaintiff Is Not Entitled to Attorneys' Fees

Plaintiff also requests an award of the attorneys' fees that it incurred in filing this Motion, pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court denies Plaintiff's request.

Absent unusual circumstances, a court may award costs and attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, where an objectively reasonable basis for removal existed at the time of removal, attorneys' fees may not be granted. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (removal will not be deemed objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

Plaintiff does not contend that unusual circumstances exist in this case. Therefore, attorneys' fees are appropriate only if Defendants lacked an objectively reasonable basis for seeking removal. Upon review of the record, the Court finds that while the law dictates that removal was improper, Defendants' attempt to remove the case does not rise to the level of objectively unreasonable. Accordingly, the Court declines to award Plaintiff attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08948-RGK-JC | Date | February 21, 2023 |
|---|---|---|---|
| Title | *Ecure CA, LLC v. Regal Medical Group, Inc. et al.* | | |

### V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS in part,** Plaintiff's Motion. Specifically, the Court **REMANDS** this matter to the state court in its entirety and **DENIES** Plaintiff's request for attorneys' fees.

**IT IS SO ORDERED.**

cc: Los Angeles County Superior Court, 22SMCV00777

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |